**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**MARSHALL DIVISION**

| | |
|---|---|
| SEOUL SEMICONDUCTOR CO., LTD., and SEOUL VIOSYS CO. LTD., Plaintiffs, | Civil Action No. |
| v. | Jury Trial Demanded |
| PARTRON Co., Ltd. Defendant. | |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Seoul Semiconductor Co., Ltd. ("Seoul Semiconductor") and Seoul Viosys Co. Ltd. ("Seoul Viosys"), (collectively "Seoul" or "Plaintiffs") bring this Complaint against Defendant PARTRON Co., Ltd. ("Partron"), and state and allege as follows:

## NATURE OF THE ACTIONS

1. Seoul Semiconductor and Seoul Viosys bring this patent infringement action to protect their valuable patented technology relating to light emitting diodes ("LEDs") and LED lighting. An LED is a semiconductor device that converts electrical energy into light. LEDs have many advantages over conventional light sources, including lower energy consumption, longer lifetime, and smaller size.

2. Seoul Semiconductor was founded in 1992 with approximately 30 employees in a small space of a commercial building in Bongchen-dong, Seoul, Korea. From those initial 30 employees, Seoul Semiconductor has grown into one of the largest manufacturers of LEDs in the world. Its subsidiary, Seoul Viosys, is also a leading company in the LED industry.

3. Plaintiffs' success is in large part due to their significant investment in innovation and their respect for intellectual property. Seoul Semiconductor has invested in research and development ("R&D") for decades. Seoul Semiconductor invests over 10% of

sales revenue into R&D and owns one of the largest LED patent portfolios in the world, which includes more than 10,000 patents worldwide.

**THE PARTIES**

4. Plaintiff Seoul Semiconductor is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 97-11, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851.

5. Plaintiff Seoul Viosys is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 65-16, Sandan-ro 163 beon-gil, Danwon-gu, Ansan-city, Gyeonggi-do, Korea 425-851. Seoul Viosys is a subsidiary of Seoul Semiconductor.

6. Upon information and belief, Defendant Partron is a company organized and existing under the laws of the Republic of Korea, with its principal place of business at 22 Samsung 1-ro 2-gil, Hwaseong-si, Gyeonggi-do, Korea.

**JURISDICTION AND VENUE**

7. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the patent laws of the United States, including 35 U.S.C. § 271 *et seq*.

8. This Court has personal jurisdiction over Defendant Partron pursuant to due process and/or the Texas Long Arm Statute by virtue of, at least, the substantial business Partron conducts in this District, directly and/or through intermediaries.

9. Upon information and belief, this conduct includes, but is not limited to: (1) having committed acts within this District giving rise to this action and having established minimum contacts with this forum such that the exercise of jurisdiction over Partron would not offend traditional notions of fair play and substantial justice; (2) having directed activities to customers in the State of Texas and this District, solicited business in the State of Texas and

this District, transacted business within the State of Texas and this District, and derived and/or attempted to derive financial benefit from residents of the State of Texas and this District, including benefits directly related to the causes of action set forth herein; (3) having placed its products into the stream of commerce throughout the United States and having been actively engaged in transacting business in the State of Texas and in this District; and (4) either individually or vicariously, through and/or in concert with its agents, distributors, importers, partners, customers, subsidiaries, sister companies, affiliates, and/or consumers, and/or in conjunction with third parties, having committed and continuing to commit acts of infringement within Texas and in this District.

10. Upon information and belief, Partron designs, manufactures, and supplies infringing flash LED modules that are incorporated into various mobile phones manufactured, marketed, and sold by Samsung Electronics Co., Ltd. and/or Samsung Electronics America, Inc. (collectively, "Samsung"), such as the Samsung Galaxy S26 mobile phone, the Samsung Galaxy S26 Ultra mobile phone, Samsung Galaxy S25 mobile phone, Samsung Galaxy S25 plus mobile phone, Samsung Galaxy S25 Ultra mobile phone, Samsung Galaxy Z Flip6 mobile phone, Samsung Galaxy Z Fold6 mobile phone, and Samsung Galaxy S25 FE mobile phone.

11. Upon information and belief, Partron has placed and continues to place the infringing flash LED modules into the stream of commerce via an established distribution channel that includes at least Samsung, with the knowledge and/or intent that products incorporating the infringing flash LED modules would be imported, used, offered for sale, and sold in the United States, including in the State of Texas and in this District, on a regular and continuous basis. Indeed, such products have been and continue to be imported, used, offered for sale, and sold in the United States and in the State of Texas, including in this District, through Samsung's online retail store (samsung.com) and various Samsung-authorized retail locations operating within this District.

12. As an example, and as shown below, Samsung's online retail store (samsung.com) and Walmart's website (walmart.com) offer for sale, within this District, the Samsung Galaxy S26 and various other Samsung smartphones that incorporate the infringing flash LED modules manufactured and/or supplied by Partron.






13. Partron's purposeful and continuous placement of components incorporated into Samsung's mobile phones, including the infringing flash LED modules, into established distribution channels, with the knowledge and reasonable expectation that resulting products would be purchased by consumers in this District, subjects Partron to personal jurisdiction in this Court.

14. In addition, this Court has personal jurisdiction over Partron pursuant to Fed. Rule of Civil Procedure 4(k)(2) because (a) Plaintiffs' claims arise under federal patent law; (b) upon information and belief, Partron is not subject to jurisdiction in the courts of general jurisdiction of any state; and (c) the exercise of jurisdiction over Partron is consistent with the United States Constitution and laws of the United States, given Partron's contacts with the United States as a whole, including its purposeful and repeated placement of its infringing flash LED modules into multiple stream-of-commerce distribution channels throughout the United States.

15. Venue is proper in this District under 28 U.S.C. §§ 1391(c) because Defendant is a foreign corporation subject to suit in any district, is subject to personal jurisdiction in this District, has transacted business in this District, and has committed acts of patent infringement in this District.

## PATENTS-IN-SUIT

16. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,298,552 ("the '552 patent") entitled "Backlight unit and display apparatus having the same", including the right to sue and to recover for infringement thereof. The '552 patent was duly and legally issued on May 13, 2025, by the United States Patent and Trademark Office. A copy of the '552 patent is attached hereto as Exhibit A.

17. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 11,876,151 ("the '151 patent") entitled "Light emitting device, light

emitting diode package, backlight unit, and liquid crystal display", including the right to sue and to recover for infringement thereof. The '151 patent was duly and legally issued on January 16, 2024, by the United States Patent and Trademark Office. A copy of the '151 patent is attached hereto as Exhibit B.

18. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 12,546,458 ("the '458 patent") entitled "Backlight unit", including the right to sue and to recover for infringement thereof. The '458 patent was duly and legally issued on February 10, 2026, by the United States Patent and Trademark Office. A copy of the '458 patent is attached hereto as Exhibit C.

19. Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 12,302,679 ("the '679 patent") entitled "Light emitting diode", including the right to sue and to recover for infringement thereof. The '679 patent was duly and legally issued on May 13, 2025, by the United States Patent and Trademark Office. A copy of the '679 patent is attached hereto as Exhibit D.

20. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 9,112,120 ("the '120 patent") entitled "White light source and white light source system including the same", including the right to sue and recover for infringement thereof. The '120 patent was duly and legally issued on August 18, 2015, by the United States Patent and Trademark Office. A copy of the '120 patent is attached hereto as Exhibit E.

21. Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,520,543 ("the '543 patent") entitled "Light-emitting diode module having light-emitting diode joined through solder paste and light-emitting diode", including the right to sue and to recover for infringement thereof. The '543 patent was duly and legally issued on December 13, 2016, by the United States Patent and Trademark Office. A copy of the '543 patent is attached hereto as Exhibit F.

22. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 10,892,386 ("the '386 patent") entitled "Wafer-level light emitting diode package and method of fabricating the same", including the right to sue and recover for infringement thereof. The '386 patent was duly and legally issued on January 12, 2021, by the United States Patent and Trademark Office. A copy of the '386 patent is attached hereto as Exhibit G.

23. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 9,070,851 ("the '851 patent") entitled "Wafer-level light emitting diode package and method of fabricating the same", including the right to sue and recover for infringement thereof. The '851 patent was duly and legally issued on June 30, 2015, by the United States Patent and Trademark Office. A copy of the '851 patent is attached hereto as Exhibit H.

24. Seoul Viosys is the lawful owner of all right, title, and interest in United States Patent No. 9,716,210 ("the '210 patent") entitled "Light emitting diode and method of fabricating the same", including the right to sue and recover for infringement thereof. The '210 patent was duly and legally issued on July 25, 2017, by the United States Patent and Trademark Office. The '210 patent is attached hereto as Exhibit I.

25. Seoul Semiconductor is the lawful owner of all right, title, and interest in United States Patent No. 7,667,225 ("the '225 patent") entitled "Light emitting device", including the right to sue and recover for infringement thereof. The '225 patent was duly and legally issued on February 23, 2010, by the United States Patent and Trademark Office. The '225 patent is attached hereto as Exhibit J.

## DEFENDANT'S KNOWLEDGE OF THE PATENTS AND ITS INFRINGEMENT

26. On August 13, 2026, Seoul Semiconductor notified Partron, through its Registered Director, Ki-jong Oh, that the flash LED module incorporated into each of the Samsung Galaxy S26 mobile phone and the Samsung Galaxy S26 Ultra mobile phone infringed each of Plaintiffs' asserted patents, including the '552, '151, '458, '679, '120, '543, '386, '851, '210, and '225 patents.

27. In that notice, Seoul Semiconductor specifically identified that Samsung's mobile phones incorporating Partron's infringing flash LED modules are being distributed nationwide throughout the United States, including in Texas, through established distribution channels, and that Partron is actively inducing the infringement by Samsung. Seoul Semiconductor further demanded that Partron immediately cease and desist from any further infringement of those patents. Partron, however, did not provide any response indicating that it would take any corrective action to remedy or prevent its continuing and ongoing infringement.

28. Defendant actively induces infringement by providing customers, distributors, and end users with data sheets, specifications, technical guides, application information, and other technical and commercial support that instruct and encourage them to incorporate Partron's infringing LED products into various mobile phones. For example, Partron's website provides product information and technical guidance for flash LED modules used in mobile phones, including at least the following webpage: https://www.partron.co.kr/kr/business/mobile.php




29. Upon information and belief, Partron also provides product data sheets and technical information relating to the infringing flash LED modules to its customers, including Samsung.

30. In addition, Partron has established and maintains a sales organization that, upon information and belief, actively and regularly communicates and engages with customers including Samsung, and through such communications and engagement, Partron has knowingly and intentionally encouraged, induced, and assisted its customers including Samsung to incorporate the infringing flash LED modules into various mobile phones that have been sold, offered for sale, and imported into the United States.

## MARKING

31. Plaintiffs have complied with 35 U.S.C. § 287.

32. For example, to the extent Plaintiffs made, offered for sale, sold, or imported into the United States products covered by the asserted patents, Plaintiffs marked substantially all of such products and/or product packaging by fixing thereon the word "patent," along with those patent numbers or an internet address at which Plaintiffs posted information associating

the patented products with their corresponding patent numbers in compliance with 35 U.S.C. § 287.

33. Those internet addresses include the following URLs https://www.seoulsemicon.com/en/company/parent/certificates/patentportfolio and https://www.seoulviosys.com/en/company/certificates, whichreflect virtual marking patent lists that Seoul Semiconductor has been continuously updating since at least January of 2015. Copies of the most recent virtual marking patent lists for Seoul Semiconductor and Seoul Viosys, respectively, are attached as Exhibit K and Exhibit L.

**COUNT 1**
**INFRINGEMENT OF U.S. PATENT NO. 12,298,552**
**EXEMPLARY CLAIM 15**

34. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

35. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the ’552 patent, including but not limited to exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 Ultra mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 15, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

36. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’552 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 Ultra mobile phone.

37. The images below show a flash LED module incorporated in the Samsung Galaxy S26 Ultra mobile phone. The right image below shows that an LED package is disposed on a substrate. The center image below shows that a lens is disposed on the LED package. The lens acts as an optical layer configured to diffuse light emitted from the LED package. As shown in the images below, the substrate is coated in white to provide broad spectrum reflection of light emitted from the LED package.





38. Below are a pair of images of the LED package from the Samsung Galaxy S26 Ultra mobile phone. The left image below shows the light emitting side and the right image below shows the reverse side having two contact electrodes. The package is longer in the direction that the contact electrodes are arranged (the horizontal direction in the image below) and shorter in the direction perpendicular to the direction that the contact electrodes are arranged (the vertical direction in the image below).




39. Below is a close-up view of a region of the substrate after removal of the light emitting package. Removal of the package reveals that the substrate has a pair of pad electrodes

that were electrically connected to the contact electrodes shown in the image above prior to removal of the package.



40. As shown in the image above, the gap between the pad electrodes is smaller than the lengths of the light emitter as described in the preceding paragraphs. The gap is also greater than 50 micrometers.

41. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

42. Defendant's infringement has occurred with knowledge of the '552 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

43. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 2**
**INFRINGEMENT OF U.S. PATENT NO. 11,876,151**
**<u>EXEMPLARY CLAIM 9</u>**

44. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

45. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '151 patent, including but not limited to exemplary claim 9, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

46. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the '151 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

47. The images below show a flash LED module incorporated in the Samsung Galaxy S26 mobile phone. The center image below shows an LED package disposed on a circuit board. The right image below shows the LED chip from the package after the removal of its encapsulant.





48. Three scanning electron microscope ("SEM") images are provided below. The image at far left shows the top surface of the LED chip. The image in the center shows an enlarged view after a hole was milled into the LED chip using a Focus Ion Beam ("FIB"). The SEM image below-right provides a cross-sectional view of the side-surface of the milled hole. The raised mesa can be seen to the left side of the image and includes, in relevant part, a first

conductivity type semiconductor layer, a second conductivity type semiconductor layer, and an active layer disposed between the first conductivity type semiconductor layer and the second conductivity type semiconductor layer.





49. The image above left also shows two electrode pads, one electrically connected to the first conductivity type semiconductor layer of the light emitting structure and the other electrically connected to the second conductivity type semiconductor layer of the light emitting structure.

50. Two additional images of the LED package are reproduced below. The image below-left again shows an optical microscope image of the LED package. The yellow area of the package is a light transmitting layer that covers the surface of the light emitter. The image below-right is an SEM of a cross-section through the package. The light emitter, which is identified by the reference to a width of 1.38mm is again shown covered by the light transmitting layer.




51. The image above-left also shows a white dam surrounding the yellow light transmitting layer. In the cross section, the dam surrounds a portion of the light emitter and a portion of the light transmitting layer. In addition, the height of the dam forms an angle from the optical axis of the light emitting surface of the light emitter that is greater than the peak beam angle of the light emitter.

52. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

53. Defendant's infringement has occurred with knowledge of the '151 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

54. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 3**
**INFRINGEMENT OF U.S. PATENT NO. 12,546,458**
**EXEMPLARY CLAIM 9**

55. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

56. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '458 patent, including but not limited to exemplary claim 9, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed

exemplary claim 9, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

57. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’458 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

58. The images below show a flash LED module from the Samsung Galaxy S26 mobile phone. The left image below is a top view of a lens disposed on a circuit board. The center image below shows an LED package after removal of the lens. The right image below shows the LED chip from the package after the removal of its encapsulant. The lens acts as a light guide that includes a region having a curved surface.





59. The image above-center also shows a yellow encapsulant of the LED package. The yellow encapsulant is a sealing layer including a wavelength converter. As shown in the images, the sealing layer is disposed between the LED chip and the light guide.

60. Three SEM images are provided below. The image at far left shows the top surface of the LED chip. The image in the center shows an enlarged view after a hole was milled into the LED chip using FIB. The SEM image below-right provides a cross-sectional view of the side-surface of the milled hole. The image of the inner surface of the milled hole shows the layer structure of the LED chip, which includes from bottom to top: a patterned substrate and a light emitting layer disposed on the substrate. The light emitting layer includes

from bottom to top: a first conductivity type semiconductor layer, an active layer, and a second conductivity type semiconductor layer. The light emitting layer emits a primary light.






61. The image above left also shows two electrode pads, one electrically connected to the first conductivity type semiconductor layer of the light emitting layer and the other electrically connected to the second conductivity type semiconductor layer of the light emitting layer.

62. The images below are SEM images. The first shows a cross section of the LED package. The second reproduces the above-provided images depicting the layer structure within the chip. As shown therein, one or more reflectors are disposed on the circuit board. One or more sealing layers cover upper surfaces of the reflector and the light emitter, and are also disposed on a sidewall of the substrate and a sidewall of the light emitting layer.







63. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

64. Defendant's infringement has occurred with knowledge of the '458 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

65. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 4**
**INFRINGEMENT OF U.S. PATENT NO. 12,302,679**
**EXEMPLARY CLAIM 1**

66. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

67. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '679 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

68. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the '679 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

69. The images below show a flash LED module incorporated in the Samsung Galaxy S26 mobile phone. The center image below is a top view of an LED package disposed on a printed circuit board. The right image below shows the LED chip from the LED package after the removal of its encapsulant. The left image below shows that a lens is disposed on the LED package, which acts as a diffuser.





70. Three SEM images are provided below. The image at far left shows the top surface of the LED chip. The image in the center shows an enlarged view after a hole was milled into the LED chip using a FIB. The SEM image below-right provides a cross-sectional view of the side-surface of the milled hole. The raised mesa can be seen to the left side of the image and includes, in relevant part, a first conductivity type semiconductor layer, a second conductivity type semiconductor layer, and an active layer disposed between the first conductivity type semiconductor layer and the second conductivity type semiconductor layer. The LED chip is a blue LED chip whose active layer generates light with a peak wavelength of less than 500 nm. Moreover, the second conductivity type semiconductor layer is doped with Mg. The Mg concentration level varies across the thickness of the second conductivity type semiconductor layer.





71. The FIB-SEM image below shows a transparent conductive oxide layer of the LED chip disposed on the mesa and electrically connected to the second conductivity type semiconductor layer. The FIB-SEM image shows that the LED chip also includes a metal reflection layer and a dielectric layer disposed between the second conductivity type semiconductor layer and the metal reflection layer.




72. The FIB-SEM image below shows that the metal reflection layer is spaced apart from a surface of the second conductivity type semiconductor layer by the dielectric layer. The dielectric layer includes a region having a thickness in a range between 200 nm and 1,000 nm.




73. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

74. Defendant's infringement has occurred with knowledge of the '679 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

75. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 5**
**INFRINGEMENT OF U.S. PATENT NO. 9,112,120**
**EXEMPLARY CLAIM 1**

76. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

77. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '120 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 Ultra mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

78. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the '120 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 Ultra mobile phone.

79. The images below show a flash LED module incorporated into the Samsung Galaxy S26 Ultra mobile phone. The right image below shows the flash LED module, which serves as a white light source.

 

80. The measured light output from the flash LED module incorporated into the Samsung Galaxy S26 Ultra mobile phone satisfies the relational equation: $-0.2 \leqq [(P(\lambda)\times V(\lambda))/(P(\lambda max1)\times V(\lambda max1)) - (B(\lambda)\times V(\lambda))/(B(\lambda max2)\times V(\lambda max2))] \leqq +0.2$. In this relational equation $P(\lambda)$ is the light emission spectrum of the white light source, $B(\lambda)$ is the light emission spectrum of black-body radiation having a same color temperature as that of the white light source, $V(\lambda)$ is the spectrum of a spectral luminous efficiency; $\lambda max1$ is a wavelength at which $P(\lambda)\times V(\lambda)$ becomes largest; and $\lambda max2$ is a wavelength at which $B(\lambda)\times V(\lambda)$ becomes largest. The image below is a graph of the above relational equation determined based on the measured output from the flash LED module incorporated into Samsung Galaxy S26 Ultra mobile phone.




81. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury

unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

82. Defendant's infringement has occurred with knowledge of the '120 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

83. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 6**
**INFRINGEMENT OF U.S. PATENT NO. 9,520,543**
**EXEMPLARY CLAIM 1**

84. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

85. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '543 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

86. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the '543 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

87. The images below show a flash LED module incorporated in the Samsung Galaxy S26 mobile phone. The center image below shows that an LED package is bonded to a

printed circuit board. The right image below shows two electrode pads on the printed circuit board after the LED package has been removed.





88. Below are a pair of images of the LED package from the Samsung Galaxy S26 mobile phone. The left image shows the light-emitting side and the right image shows the reverse side having a first and second electrode pads. The two electrode pads were respectively bonded to corresponding pads via solder paste prior to removal.




89. The two FIB-SEM images below are cross-sectional views of portions of an LED chip incorporated into the LED package. The LED chip comprises a first conductive-type semiconductor layer, a mesa placed on the first conductive-type semiconductor layer, the mesa including an active layer and a second conductive-type semiconductor layer. The right image shows a reflective electrode structure placed on the mesa, and an anti-diffusion reinforcing layer placed on the reflective electrode structure. As shown in the FIB-SEM images below, the first electrode pad is electrically connected to the first conductive-type semiconductor layer, and the second electrode pad is electrically connected to the anti-diffusion reinforcing layer.







90. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

91. Defendant's infringement has occurred with knowledge of the '543 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

92. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 7**
**INFRINGEMENT OF U.S. PATENT NO. 10,892,386**
**EXEMPLARY CLAIM 17**

93. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

94. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the '386 patent, including but not limited to exemplary claim 17, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed

exemplary claim 17, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

95. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’386 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

96. The images below show a flash LED module incorporated in the Samsung Galaxy S26 mobile phone. The right image below shows an LED package after the removal of a lens. The LED package is arranged over a circuit board without bonding wires. The center image below shows a lens disposed on the circuit board, which adjusts an orientation angle of light emitted from the LED package.





97. Three SEM images are provided below. The left image below shows the top surface of the LED chip incorporated in the LED package. The center image below shows an enlarged view after a hole was milled into the LED chip using a FIB. The right image below provides a cross-sectional view of the side-surface of the milled hole. The semiconductor stack can be seen to the left side of the image and includes, in relevant part, a first conductive type semiconductor layer, an active layer, and a second conductive type semiconductor layer. The semiconductor layer is structured to expose parts of the first conductive type semiconductor layer through the second conductive type semiconductor layer and the active layer.





98. The above-left image shows a first and second electrode pads arranged over a first side of the semiconductor stack. The first electrode pad is electrically connected to some exposed parts of the first conductive type semiconductor layer and the second electrode pad is electrically connected to the second conductive type semiconductor layer.

99. The image below-left again shows the LED package of the Samsung Galaxy S26 mobile phone. The optical image below-right shows a bottom view of the LED package. As seen in the images, a protective insulation layer covers the entire sidewall of the semiconductor layer.




100. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

101. Defendant's infringement has occurred with knowledge of the '386 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

102. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 8**
**INFRINGEMENT OF U.S. PATENT NO. 9,070,851**
**EXEMPLARY CLAIM 1**

103. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

104. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the ’851 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

105. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’851 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

106. Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy S26 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image below shows the LED chip after the phosphor-containing encapsulant has been removed.





107. The image below-left depicts a hole that was milled into the LED chip using a FIB. The SEM image below-right shows a cross-sectional view of the side surface of the milled hole. The raised mesa can be seen to the left side of the image and includes, in relevant part (from top to bottom in the image), a second conductive type (p-type) semiconductor layer, an active layer, and a first conductive type (n-type) semiconductor layer. The right side of that image shows an example contact hole that penetrates through the second conductive type (p-type) semiconductor layer and the active layer to expose the first conductive type (n-type) semiconductor layer. By penetrating through the second conductive type (p-type) semiconductor layer and the active layer within the mesa, contact is made to the first conductive type (n-type). The contact hole is surrounded by the second conductive type (p-type) semiconductor layer and the active layer of the mesa.






108. The SEM image below shows bumps on the bottom of the chip where contact is made to the underlying electric leads. The bumps are respectively electrically connected to the first conductive type (n-type) semiconductor layer via contact holes and to the second conductive type (p-type) semiconductor layer.




109. The image below-left again shows the LED package of the Samsung Galaxy S26 mobile phone. The optical image below-right shows a bottom view of the LED package. As seen in the images, a protective insulation layer covers the external sidewall surface of the semiconductor structure.




110. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

111. Defendant's infringement has occurred with knowledge of the '851 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

112. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 9**
**INFRINGEMENT OF U.S. PATENT NO. 9,716,210**
**<u>EXEMPLARY CLAIM 1</u>**

113. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

114. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the ’210 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

115. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’210 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

116. Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy S26 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image below shows the LED chip after the phosphor-containing encapsulant has been removed.



117. Three SEM images are provided below. The left image below shows the top surface of the LED chip incorporated in the LED package. The center image below shows an enlarged view after a hole was milled into the LED chip using a FIB. The right image below

provides a cross-sectional view of the side-surface of the milled hole. The semiconductor stack can be seen to the left side of the image and includes, in relevant part, a first conductive type semiconductor layer, an active layer comprising a multi-quantum well structure, and a second conductive type semiconductor layer. The semiconductor layer is structured to expose parts of the first conductive type semiconductor layer through the second conductive type semiconductor layer and the active layer.



118. Upon information and belief, a superlattice layer is disposed near the active layer and a spacer layer has a bandgap smaller than the barrier layers of the multi-quantum well, but higher than the bandgap of the quantum well layers.

119. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

120. Defendant's infringement has occurred with knowledge of the '210 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

121. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**COUNT 10**
**INFRINGEMENT OF U.S. PATENT NO. 7,667,225**
**EXEMPLARY CLAIM 1**

122. The allegations in the foregoing paragraphs are incorporated by reference herein as if restated and set forth in full.

123. Upon information and belief, Partron has infringed and continues to infringe one or more claims of the ’225 patent, including but not limited to exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(a), at least by, without authority, making, using, offering to sell, selling, and/or importing certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone. In the alternative, Partron has indirectly infringed exemplary claim 1, either literally or under the doctrine of equivalents, pursuant to 35 U.S.C. § 271(b) by actively inducing others to infringe.

124. As stated above in paragraphs 28-30, Partron has actively induced others to infringe one or more claims of the ’225 patent, at least through its continued marketing, support, and sale of certain light-emitting products, including flash LED modules incorporated in various mobile phones, such as the Samsung Galaxy S26 mobile phone.

125. Three images are provided below. The left image below shows a flash LED module from the Samsung Galaxy S26 mobile phone. The center image below shows an LED package that was removed from the flash LED module. The right image below shows the LED chip after the phosphor-containing encapsulant has been removed.





126. Three SEM images are provided below. The left image below shows the top surface of the LED chip incorporated in the LED package. The center image below shows an enlarged view after a hole was milled into the LED chip using a FIB. The right image below

provides a cross-sectional view of the side-surface of the milled hole. The semiconductor stack can be seen to the left side of the image and includes, in relevant part, a first conductive type semiconductor layer, an active layer comprising a multi-quantum well structure, and a second conductive type semiconductor layer. The semiconductor layer is structured to expose parts of the first conductive type semiconductor layer through the second conductive type semiconductor layer and the active layer.








127. Upon information and belief, the multi-quantum well structure comprises at least one well layer and at least one barrier layer between the first and second semiconductor layers, at least one layer within the multi-quantum well structure comprising at least one carrier trap portion formed therein, the at least one carrier trap portion having a band-gap energy decreasing from a periphery of the carrier trap portion to a center of the carrier trap portion.

128. Defendant's infringement has caused and is continuing to cause damages and irreparable injury to Plaintiffs. Plaintiffs will continue to suffer damages and irreparable injury unless and until that infringement is enjoined by this Court, as a remedy at law alone would be inadequate.

129. Defendant's infringement has occurred with knowledge of the '225 patent and knowledge that its acts constitute infringement. Defendant's continuing conduct, therefore, is willful.

130. Plaintiffs are entitled to injunctive relief and damages in accordance with 35 U.S.C. §§ 271, 281, 283, and 284.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs request that the Court enter judgment in their favor and against Partron, as follows:

A. A judgment that Defendant infringes the ’552, ’151, ’458, ’679, ’120, ’543, ’386, ’851, ’210, and ’225 patents;

B. A preliminary and permanent injunction restraining and enjoining Defendant, its officers, partners, agents, servants, employees, parents, subsidiaries, divisions, affiliate corporations, joint ventures, other related business entities and all other persons acting in concert, participation, or in privity with them, and their successors and assigns, from infringing the ’552, ’151, ’458, ’679, ’120, ’543, ’386, ’851, ’210, and ’225 patents;

C. An award of damages to Plaintiffs arising from Defendant’s past and continuing infringement of the ’552, ’151, ’458, ’679, ’120, ’543, ’386, ’851, ’210, and ’225 patents until the date Defendant is finally and permanently enjoined from further infringement, including compensatory damages;

D. A determination that Defendant’s infringement of one or more of the ’552, ’151, ’458, ’679, ’120, ’543, ’386, ’851, ’210, and ’225 patents was willful, and a trebling of damages pursuant to 35 U.S.C. § 284;

E. A determination that this is an exceptional case and awarding Plaintiffs’ attorneys’ fees pursuant to 35 U.S.C. § 285; an order awarding Plaintiffs the costs and expenses that they have incurred in prosecuting this action;

F. An order awarding Plaintiffs pre- and post-judgment interest on their damages; and

G. Such other and further relief in law or in equity as this Court deems just and proper.

**JURY DEMAND**

Plaintiffs Seoul Semiconductor and Seoul Viosys respectfully request a jury trial on all issues so triable.

DATED: August 21, 2026

Respectfully submitted,

/s/ Jennifer L. Jonak

**JONAK LAW GROUP, P.C.**
Jennifer L. Jonak
1711 Willamette St, Suite 301, # 145
Eugene, OR 97401
(541) 525-9102
jenny@jonak.com

*Counsel for Plaintiffs Seoul Semiconductor Co., Ltd. and Seoul Viosys Co., Ltd.*